## THE BELLEVUE.

## DIXON v. THE BELLEVUE.

*(District Court, E. D. South Carolina.  July, 1891.)*

SHIPPING—LIABILITY OF VESSEL FOR SUPPLIES—EVIDENCE.
  In a libel against a vessel for supplies and advances made in a foreign port, evidence that the supplies were given and the money advanced in good faith, on the order of the master, is sufficient *prima facie* proof that such supplies and advances were necessary.  Following *The Grapeshot*, 9 Wall. 141.

In Admiralty.   Libel *in rem* for supplies and advances.
*Trenholm & Rhett*, for libelant.
*G. W. McCormack* and *C. W. Dingle*, for respondent.

SIMONTON, J.   The Bellevue belongs to the port of Charleston.   She traded between Savannah and Beaufort, S. C., carrying passengers and freight.   Libelant is a merchant of Savannah, and at the request of the master furnished the steamer with coal, and on two occasions with cash advances.   The account filed with the libel shows on the debit side the items for coal and the two of cash advanced.   On the credit side are seven items cash.   The balance due on the account is $276.30.   Of the two items cash advanced, the first was paid by a draft on the agent of the steamer at Beaufort, drawn by the master.   The last has not been paid.   There is nothing in the testimony showing how the cash credits were paid, whether in money, by the master, or by draft, except in one instance; that is, the credit of $105.   On this point it appears that the master applied to the libelant asking that he cash a draft of $105 on his agent at Beaufort.   Out of this he proposed to pay libelant $50 on account, and to use the $55 in paying bills of the steamer.   This draft, as we see, was paid.   Claimant disputes the other item of cash advanced, $77.15, of date 21st April, 1891.   For this the master had drawn on the same agent in favor of libelant, and the draft was dishonored. The position taken by the claimant is this:   In order to charge the vessel with supplies furnished or cash advanced to the master in a foreign port, the *onus* is on the creditor of showing that the supplies or advances were necessary.   In the present case, all the libelant has shown is that the master stated "that the boat owed several little bills that he wanted to pay."   The law on this point is stated by CHASE, C. J., in *The Grapeshot*, 9 Wall. 141, confirmed in *The Lulu*, 10 Wall. 199, and cases cited in note.   These are thus laid down:   (1) Liens for repairs and supplies, whether implied or express, can be enforced in admiralty only upon proof made by the creditor that the repairs or supplies were necessary, or believed, upon due inquiry and credible representation, to be necessary. (2) Where proof is made of necessity for the repairs or supplies, or for funds raised to pay for them by the master, and of credit given to the ship, a presumption will arise, conclusive in the absence of evidence to the contrary, of necessity for credit.   (3) Necessity for repairs and supplies is

proved where such circumstances of exigency are shown as would induce a prudent owner, if present, to order them, or to provide funds for the cost of them on the surety of the ship. (4) The ordering, by the master, of supplies or repairs upon the credit of the ship, is sufficient proof of such necessity to support an implied hypothecation in favor of the material-man, or of the ordinary lender of money, to meet the wants of the ship, who acts in good faith. This fourth proposition is the one affirmed in *The Lulu*. These propositions are quoted at length, for they seem to emphasize this conclusion. The material-man must assume the burden of showing that the supplies or advances made to the ship were necessary. When, however, he shows that they were made in good faith, on the order of the master, he has complied with the stringent requirements of the first proposition, and has shifted the burden. The testimony creates no suspicion that the libelant did not act in good faith. Indeed, the fact that his advance of $105 was recognized by the agent of the steamer, and the draft of the master for this sum was duly honored, encouraged him to rely upon the statement of the master in every respect. There is no direct evidence on the part of claimant showing the absence of such necessity. The vessel was run expensively; it earned freight and passage money. Whether it paid expenses or not does not appear. The rule of *The Grapeshot* must be applied. Let libelant have a decree for $276.30, with costs.